**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

Teracota Inc. Corp. and Xintana Corp.,

      Plaintiffs,

      v.

Atlas Data Privacy Corporation,

      Defendant.

Case No. 1:26-cv-00858 (UNA)

**FIRST AMENDED COMPLAINT**

Plaintiffs, Teracota Inc. Corp. and Xintana Corp. (together, the "Plaintiffs"), by and through their undersigned counsel allege as and for their Complaint against Defendant Atlas Data Privacy Corporation (the "Defendant"), as follows:

**INTRODUCTION**

1.      Plaintiff Teracota Inc. Corp. owns but does not operate an internet domain – Radaris.com (the "Radaris Domain").  Plaintiff Xintana Corp owns but does not operate an internet domain – VeriPages.com (the "VeriPages Domain" and together with the Radaris Domain, the "Domains"). This is a lawsuit seeking declaratory judgments under 28 U.S.C. § 2201, arising out of Defendant's improper attempts hold Plaintiffs liable for a 3rd party's actions with respect to the operation of Plaintiffs' Domains and Defendant's attempts to improperly seize Plaintiffs' Domains. Defendant threatened to hold Plaintiff liable for actions taken by the operator of the Radaris.com Domain. Plaintiffs seek declaratory judgments that (a) Plaintiffs are not responsible for any actions or violations of law committed by the operator of the Radaris.com Domain and the VeriPages.com domain, (b) the Plaintiffs' Domains Radaris and VeriPages cannot be transferred to satisfy any

judgment, except for a judgment against a Plaintiff itself, and (c) that the Radaris.com and VeriPages.com Domains are not entities and therefore cannot be named as defendants in any action when the identity of the Domain operator is known or readily available.

## PARTIES

2.      Plaintiff Teracota Inc. Corp. is a corporation formed and registered in the Republic of Seychelles.

3.      Plaintiff Xintana Corp. is a corporation formed and registered in the Republic of the Marshall Islands.

4.      Defendant Atlas Data Privacy Corporation ("Atlas") is a Delaware corporation with a principal place of business in New Jersey.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this dispute under 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in dispute exceeds $75,000.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Atlas is incorporated in the State of Delaware and Atlas is the sole defendant in this action.

## FACTS

7.      On or about May 27, 2025, Atlas filed an Amended Complaint in New Jersey Superior Court, Middlesex County, with case number MID-L-847-24 (the "NJ Lawsuit").

8.      The NJ Lawsuit named numerous defendants in the lawsuit, including Dilangi, Inc., a Marshall Islands corporation ("Dilangi").

9.      The NJ Lawsuit also improperly named "Radaris.com" and "VeriPages.com," each an Internet domain address name - as a defendant in the NJ Lawsuit.

10.      Plaintiff Teracota Inc. Corp.owns the domain name Radaris.com.

2

11.     Plaintiff Xintana Corp. owns the domain name VeriPages.com.

12.     Neither Plaintiff is a party to the NJ Lawsuit.

13.     Since 2025, Plaintiff Teracota Inc. Corp. has leased the domain name Radaris.com to a third-party operator allowing the third party operator to operate the Radaris.com website. The third-party operator has assumed liability for all events occurring prior to January 1, 2025.

14.     Since 2025, Plaintiff Xintana Corp. has leased the domain name VeriPages.com to a 3rd party operator, allowing this operator to operate the VeriPages.com website.  The third-party operator has assumed liability for all events occurring prior to January 1, 2025.

15.     Radaris.com and VeriPages.com are websites that aggregate and consolidate publicly available data and information, such as names, work history, contact information, personal details, and familiar relations, among other categories, into a readable and user-friendly format for its customers.

### Subject Matter of the NJ Lawsuit

16.     The Lawsuit alleges violations of a New Jersey state statute known as "Daniel's Law."

17.     Daniel's Law was passed with the best of intentions following the horrific and tragic murder of Daniel Anderl by an assailant who was seeking to harm his mother, who is a Federal District Court Judge in New Jersey.  It was suspected that the assailant found the judge's address online.

18.     In response, the New Jersey legislature passed Daniel's Law which allows judges, police officers, and other public servants (defined as "Covered Persons" under Daniel's Law) to send written nondisclosure request to the operators of websites that publish the names, addresses, and unpublished home phone numbers of Covered Persons.  Recipients of these nondisclosure

3

requests have ten business days to remove a Covered Persons' information from the website, or the operator of the website can be held liable for $1,000 per violation and attorney's fees.

19.    Atlas acts as an assignee under Daniel's Law, where Covered Persons assign their rights under Daniel's Law to Atlas, and Atlas, in turn, sends nondisclosure requests to website operators on behalf of its Covered Person assignors.

20.    Upon information and belief, Atlas does not charge Covered Persons fees for its services, but rather when Covered Persons assign their rights under Daniel's Law to Atlas, Atlas will retain a portion of the Daniel's Law recovery, as well as any attorneys' fees recovered under Daniel's Law.

21.    Upon information and belief, over the course of several months in 2023, Atlas amassed tens of thousands of Covered Persons as assignors.

22.    Upon information and belief, Atlas did not send nondisclosure requests on a rolling basis to website operators as Covered Person assignors signed up for Atlas' services. Rather, Atlas waited months until it accrued more than 20,000 assignors and sent its nondisclosure requests all at once.

23.    Atlas's simultaneous sending of tens of thousands of emails damaged and/or crashed the recipients' email servers and made compliance with Daniel's law impossible.

24.    Upon information and belief, around December 23, 2023, Atlas sent more than 20,000 nondisclosure requests all at once to the then operator of the Radaris.com and to the then operator of VeriPages.com websites, with each nondisclosure request being an individual email.

25.    Upon information and belief, Atlas's actions crashed the email server of Radaris.com and VeriPages.com Domains' operators, causing significant damage to its

4

information technology infrastructure, and prevented the operator from receiving the nondisclosure requests within ten business days of them being sent.

26.     Subsequently, Atlas filed the NJ Lawsuit alleging violation of Daniel's Law against numerous defendants and amended the NJ Lawsuit in May 2025 to name Dilangi, who is the current operator of Radaris.com, as a defendant.

Atlas' Wrongful Prosecution of the NJ Lawsuit Against Property – the Domain Names

27.     In the NJ Lawsuit, Atlas named twenty-two (22) Internet domain names including Radaris.com and VeriPages.com as "defendants" (the "Domain Names").

28.     Atlas could have identified the names of the registered owners of the Domain Names by serving applicable subpoenas but failed to do so – and instead improperly named the Domain Names themselves as defendants in the NJ Lawsuit.

29.     It is almost always improper to bring a lawsuit against a domain name.  This is because a domain name is a piece on intangible property, not a legal entity with the capacity to sue or be sued.

30.     The only time that it is proper to name a domain name as a defendant is with respect to an action brought under the Anti-Cybersquatting Consumer Protection Act, and only then when the operator of the respective domain name cannot be located.

31.     Atlas is actively prosecuting the NJ Lawsuit against the Domain Named despite the fact that they are not legal entities and have no standing to appear as a party in a litigation.

32.     Atlas is seeking to obtain default judgments against the Domain Names, using the fact that the Domain Names did not appear in the NJ Lawsuit.

33.     It is improper for the Domain Names to file responsive pleadings in the NJ Lawsuit because they are not legal entities with the capacity to sue or be sued.

34.     On or about June 12, 2026, Atlas obtained a default judgment against twelve (12) of the Domain Names in the NJ Lawsuit.  A copy of the default judgment order is attached here as Exhibit 1 (the "Default Order").

35.     As can be seen in the Default Order, the New Jersey court erroneously relied on Atlas's unopposed filings in that case, and ordered the registrar of these twelve (12) Domain Names to transfer these Domain Names to Atlas or its designee.

36.     On information and belief, Atlas caused these twelve (12) Domain Names to be taken offline.

37.     Similarly, Atlas has expressed a desire to obtain a default judgment directly against the Radaris.com and VeriPages.com Domains in the NJ Lawsuit - despite the fact that Atlas knows the identity of the current operator of Radaris.com - Dilangi - who is a party to the NJ Lawsuit.

38.     Even if Atlas secures a judgment against Dilangi in the Lawsuit, it cannot obtain ownership of the Radaris.com website as part of such judgment because Dilangi does not own Radaris.com.  Rather, Atlas' theoretical judgment would be limited to Dilangi's own assets.

39.     Similarly, even if Atlas secures a judgment against the operator of the VeriPages Domain in the Lawsuit, it cannot obtain ownership of the VeriPages.com website as part of such judgment because the operator of VeriPages.com does not own VeriPages.com.  Rather, Atlas' theoretical judgment would be limited to that Domain's operator's own assets.

40.     Likewise, because Plaintiffs did not, and do not, operate Radaris.com, VeriPages.com (nor any other of the Domain Names referenced in the NJ Lawsuit), Plaintiffs do not have any liability to Atlas with respect to the claims raised in the NJ Lawsuit, and did not violate Daniel's Law with respect to Radaris.com and VeriPages.com.

41.     Upon information and belief, if Atlas obtains a default judgment against Plaintiffs' internet Domains, Atlas may improperly obtain ownership and/or control of the Radaris.com and the VeriPages.com websites and will take them offline causing irreparable harm to the value of these Domains.

42.     The value of the Radaris.com Domain greatly exceeds $75,000, and if the Radaris.com website is taken offline, Plaintiff Teracota Inc. Corp.will suffer irreparable harm, as well as monetary harm that exceeds $75,000.

43.     The value of the VeriPages.com Domain greatly exceeds $75,000, and if the VeriPages.com website is taken offline, Plaintiff Xintana Corp. will suffer irreparable harm, as well as monetary harm that exceeds $75,000.

## COUNT I
**28 U.S.C. § 2201 – Declaratory Judgment that Plaintiffs Own and Do Not Operate Radaris.com and VeriPages.com and Therefore Cannot be Liable for Violations of Daniel's Law**

44.     Plaintiffs repeat, reallege, and incorporate by reference each and every preceding paragraph as if fully set forth herein.

45.     An actual controversy exists as to whether Plaintiffs are liable for the alleged actions or omissions occurring on the Radaris.com and the VeriPages.com websites with respect to Daniel's Law.

46.     The provisions of Daniel's Law make it clear that only the operator of a website can be liable for noncompliance.

47.     Atlas' posture in the NJ Lawsuit, including, without limitation, seeking possession of Plaintiffs' property, shows that Atlas believes that website owners (who do not also operate the respective websites) can be liable for violations of Daniel's Law.

48.     Plaintiffs' direct monetary interest is at stake in the NJ Lawsuit because Atlas is seeking the possession and control of Plaintiffs' property, the Radaris.com and the VeriPages.com domains and website, through the NJ Lawsuit, despite the facts that Radaris.com is not the property of the Radaris.com operator (Dilangi) and that VeriPages.com is not the property of its operator.

49.     Plaintiffs seek a declaratory judgment that they are not liable for a violation of Daniel's Law or any other actions of the operators of the Domains.

## COUNT II
**28 U.S.C. § 2201 – Declaratory Judgment that Radaris.com and VeriPages.com Cannot be Transferred to Satisfy any Judgment Except for Judgments Against a Plaintiff**

50.     Plaintiffs repeat, reallege, and incorporate by reference each and every preceding paragraph as if fully set forth herein.

51.     An actual controversy exists as to whether or not a piece of intangible property, the Radaris.com and the VeriPages.com Domains,  can be transferred to satisfy a judgment brought against an entity other than the owner of the said Domain.

52.     Plaintiff Teracota Inc. Corp. requests a declaratory judgment declaring that the Radaris.com domain name is Plaintiff Teracota Inc. Corp. property and cannot be transferred as part of a judgment unless that judgment is against Plaintiff Teracota Inc. Corp.

53.     Plaintiff Xintana Corp. requests a declaratory judgment declaring that the VeriPages.com domain name is Plaintiff Xintana Corp. property and cannot be transferred as part of a judgment unless that judgment is against Plaintiff Xintana Corp.

8

## COUNT III
### 28 U.S.C. § 2201 – Declaratory Judgment that Radaris.com and VeriPages.com Domains are not natural persons or entities and therefore are not properly named as Defendants

54. Plaintiffs repeat, reallege, and incorporate by reference each and every preceding paragraph as if fully set forth herein

55. An actual controversy exists as to whether or not a domain name, specifically the Radaris.com and the VeriPages.com Domains, can legally be named as defendant in a lawsuit when the Domains' operator is or can be readily identified.

56. Plaintiffs seeks a declaratory judgment that the Radaris.com and the VeriPages.com Domains are not entities that can sue or be sued, and cannot be named as a defendants in a lawsuit when its operator is known, or readily known.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully requests that the Court enter judgment in its favor and award the following relief against Defendant:

A. Declaring that Plaintiffs own and do not operate Radaris.com and VeriPages.com and therefore cannot be liable for violations of Daniel's Law;

B. Declaring that Radaris.com and VeriPages.com cannot be transferred to satisfy any judgment except for judgments against a Plaintiff;

C. Declaring that Radaris.com and VeriPages.com domains are not natural persons or entities  and therefore are not properly named as Defendants;

E. Awarding reasonable attorneys' fees, full costs, and disbursements; and

F. Such other and further relief as is just and proper under the circumstances.

9

Dated: July 15, 2026

/s/ Michael J. Joyce
Michael J. Joyce (No. 4563)
**JOYCE, LLC**
1225 King Street
Suite 800
Wilmington, DE 19801
(302)-388-1944
mjoyce@mjlawoffices.com

*Counsel for Plaintiffs*